296 F.2d 728
 Carl SHIPLEY, Administrator of the Estate of Robert W.
Liggitt, Deceased, and Marjorie D. Liggitt, in Her Own
Right, and Marjorie D. Liggitt, Natural Guardian of Judith
A. Liggitt, a Minor, Appellants,
v.
OHIO NATIONAL LIFE INSURANCE CO.
 No. 13611.
 United States Court of Appeals Third Circuit.
 Argued Nov. 16, 1961.
Decided Dec. 8, 1961.
 
 Wray G. Zelt, 3d, Washington, Pa., for appellants.
 Alexander Black, Pittsburgh, Pa. (John G. Buchnan, Jr., Charles C. Stilley, Buchana, Ingersoll, Rodewald, Kyle & Buchanan, Ingersoll, Rodewald, Kyle brief), for appellee.
 Before BIGGS, Chief Judge, and KALODNER and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs brought suit to enforce an oral contract of insurance entered into by decedent with a soliciting agent allegedly acting on behalf of the defendant insurance company. Jurisdiction was based on diversity of citizenship, and Pennsylvania law controlled.
 
 
 2
 In the district court, plaintiffs contended that the oral contract provided interim coverage until defendant processed decedenths application for permanent coverage and issued a policy. Defendant denied liability and took the position that the soliciting agent had no authority, real or apparent, to enter into any insurance contract. A clause in the application provided: '3. Neither agents nor medical examiners are authorized to make or alter contracts * * *.' The district court entered summary judgment in favor of defendant.
 
 
 3
 This case was a proper one for summary judgment. The record shows no dispute as to any material fact. Indeed, those which plaintiffs summarize in their brief were not contradicted by defendant. After reviewing the record in the light most favorable to plaintiffs, we discover no facts upon which a jury could have based a finding that the agent had authority to enter into an insurance contract binding defendant or that any fraud or misrepresentation should be attributed to it.
 
 
 4
 As an alternative basis for its action, the district court concluded that decedent had actual knwoledge of the soliciting agent's lack of authority. There is no basis, however, in the record for so concluding since nowhere does it appear that decedent in fact knew of or read the limitation clause contained in the application. The district court's reliance on Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913), and Peters v. Colonial Life Insurance Co., 128 Pa.Super. 21, 193 A. 460 (1937), was misplaced. In Slocum, the court made it clear that the parties knew of the agenths lack of authority because of repeated prior dealings with him, while in Peters it was never determined whether actual knowledge existed.
 
 
 5
 Plaintiffs cite a number of cases which are factually distinguishable. Bowman v. Home Life Insurance Co., 243 F.2d 331 (C.A.3, 1957,) is not in point, for the apparent authority of the agent there was based on indicia of authority made available to him by the principal, an insurance company, and which the person relying on the agent's apparent authority had previously supplied to the principal in filling out application cards.
 
 
 6
 The judgment of the district court will be affirmed.